IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA      )
                              )
      v                       )         CR. NO. 2:99CR52-MHT
                              )              (WO)
CLINT GRIFFIN                 )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  Introduction**

On or around November 16, 2004, defendant Clint Griffin ("Griffin") filed a motion

styled as a "motion for return of property/writ of replevin, pursuant to 28 U.S.C. § 2463, and

FED.R.CRIM.P. 41(g)." (Doc. No. 315.)  The court construes this motion as a motion for

return of property.[1]  Griffin seeks the return of $35,250.00 which was seized by the United

States Department of Justice Drug Enforcement Administration ("DEA") Task Force in

1999. (*Id*. at p. 2.)  The Government asserts that review of the DEA's administrative

forfeiture decision is beyond this court's jurisdiction and that the circumstances of this case

do not merit the exercise of equitable jurisdiction.  (Doc. No. 317, pp. 2-3.)  Upon

consideration of the motion, the Government's response, and Griffin's reply, the court

concludes that the motion for return of property should be denied.

---

[1] In his reply to the Government's response, Griffin argues that this court should construe his motion
as a "writ of replevin" pursuant to 28 U.S.C. § 2463. (Doc. No. 318, p. 2.)  Because Griffin's convictions
for conspiracy to possess with intent to distribute cocaine hydrochloride and cocaine base, distribution of
cocaine base, and distribution of cocaine hydrochloride do not involve a violation of the Internal Revenue
Code, Griffin's reliance on § 2463 is misplaced.  *See French v. U.S.*, [Civ. No. 16793] 1972 WL 458 (N.D.
Ga. Dec. 6, 1972).

## II. Facts and Procedural History

During a "drug bust" operation on February 4, 1999, the DEA Task Force stopped and arrested Griffin and Patrick Howard.  (Doc. No. 315, p. 2; Doc. No. 317, p. 1.)  The arresting agents seized $31,250.00 in cash from Griffin.  (Doc. No. 317, Attach. B, p. 1.)  In March and April of 1999, the DEA sent notices of seizure by certified mail to Griffin in the Montgomery City Jail and at a residence in Tampa, Florida; however, the certified notice to the jail was "returned to sender."[2]  (Doc. No. 315, Attach. A.)  On or around April 7, 1999, the DEA published notice of the administrative forfeiture proceeding in *USA Today.*  (Doc. No. 315, Attach. A;  Doc. No. 317, Attach. C, p. 2.)  All notices contained instructions on contesting a forfeiture action and stated the last date to file a claim was April 27, 1999.

Receiving no claims from Griffin, the DEA administratively forfeited the currency to the United States on June 16, 1999.[3] (Doc. No. 315, Attach. A, Declaration of Forfeiture.)  On June 17, 1999, a jury found Griffin guilty of conspiracy to possess with intent to distribute cocaine hydrochloride and cocaine base, distribution of cocaine base, and distribution of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 846.  On November 16, 2004, Griffin filed a motion for return of property, pursuant to FED.R.CRIM.P. 41(g).  (Doc. No. 315.)

---

[2] Griffin's evidentiary materials indicate that the certified notice was received by an individual in Florida. (Doc. No. 315, Attach. A.)  However, the court is unable to discern whether Griffin personally received this letter.

[3] A forfeiture decision was entered on July 7, 1999. (Doc. No. 315, Attach. A, Declaration of Forfeiture.)

### III.  Discussion

Rule 41(g) provides that a person aggrieved by an unlawful search and seizure may move for return of the property on the ground that such person is entitled to lawful possession of the property.  FED.R.CRIM.P. 41(g).  A Rule 41(g) motion "is unavailable, however, when property is retained pursuant to civil forfeiture instead of for use as evidence."  *U.S. v. Eubanks*, 169 F.3d 672, 674 (11th Cir. 1999) (citing *U.S. v. Watkins*, 120 F.3d 254, 255 (11th Cir. 1997) (discussing former Rule 41(e), which is currently located in Rule 41(g)).  *See also Coley v. U.S.*, 180 Fed.Appx. 90, 92 n. 3(11th Cir. 2006) (noting that a Rule 41(g) motion is unavailable when property is retained pursuant to a civil forfeiture).  Thus, Griffin's claim was not properly raised under Rule 41(g).

Moreover, it is well-settled law that federal courts lack jurisdiction to review the merits of a forfeiture decision made by the DEA.  *See Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67, 470.00)*, 901 F.2d 1540, 1543 (11th Cir. 1990).  However, there are two limited exceptions to this rule.  First, a federal court may have jurisdiction when the DEA refuses to consider a request that it exercise discretion.  *Id.* at 1543.  *See also Eubanks*, 169 F.3d at 674.  Griffin did not file a claim in the administrative proceeding requesting that the DEA exercise its discretion not to forfeit the currency.  Consequently, this first exception does not apply.

Second, federal courts may exercise equitable jurisdiction over DEA forfeiture decisions.  Equitable jurisdiction is highly discretionary and must be exercised with caution

and restraint.  *See Matter of $67, 470.00*, *supra*; *Eubanks*, *supra*; *Coley*, *supra*.   In other

words, jurisdiction is appropriate only when the defendant's conduct and the merits of his

motion "require judicial review to prevent manifest injustice."[4] *Eubanks*, *supra*.  In this case,

Griffin received adequate notice through a national newspaper that the currency was subject

to forfeiture.  It is inappropriate for this court to exercise equitable jurisdiction to review the

merits of an administrative forfeiture decision when a defendant elects to forego the

procedures for pursuing an adequate remedy at law.  *See Eubanks*, *supra*.  Because Griffin

had the opportunity to dispute the basis for the forfeiture in 1999 and waited five years to do

so with no explanation for the delay, the court concludes it should not exercise its equitable

jurisdiction to consider his request at such a late date.  *Id.*  Griffin does not meet the second

exception.

### IV. Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Griffin's

motion for return of property (Doc. No. 315) be DENIED.

It is further

ORDERED that the parties are DIRECTED to file any objections to the **on or before**

**October 24, 2006**.  Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections

---

[4] There certainly is no "manifest injustice" in this case.  In its opinion affirming the defendant's conviction, the Eleventh Circuit discusses the direct connection between the drugs and the seized money. *U.S. v. Howard*, 264 F.3d 1144 (11th Cir. 2001) (Table) (Doc. No. 317, Attach. A.)

will not be considered by the District Court.   The parties are advised that this

Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a de novo determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein

v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of

Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981.

Done this 11th day of October, 2006.

                                        /s/Charles S. Coody
                                    CHARLES S. COODY
                                    CHIEF UNITED STATES MAGISTRATE JUDGE